**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**ALBANY DIVISION**

| | | |
|---|---|---|
| DOREEN BANNEN | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| ALLIANCEONE RECEIVABLES | ) | **Jury Trial Demanded** |
| MANAGEMENT, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

PLAINTIFF, Doreen Bannen ("Plaintiff"), by and through the undersigned attorney, files this Complaint against DEFENDANT, AllianceOne Receivables Management, Inc. ("Defendant"), and alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

   (1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

### III. PARTIES

3. Plaintiff, Doreen Bannen ("Plaintiff"), is a natural person residing in Ulster County, New York.

4. Defendant, AllianceOne Receivables Management, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt. During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws:

    i. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including Defendant continually and repeatedly contacting Plaintiff over the course of one year, and up to as recently as March 5, 2010, for an alleged debt belonging to another individual unknown to Plaintiff named Doreen Bruno and

       refusing to stop contacting Plaintiff in response to her repeated requests for Defendant to cease all communication (§ 1692d));

    ii. Failing to disclose both the callers individual identity and the Defendants corporate address in a telephone call to Plaintiff, including the Defendants collection agent refusing to provide both her name and Alliance Ones corporate address to Plaintiff in a March 5, 2010 telephone call which resulted in the Defendant refusing to answer Plaintiffs questions and hanging up on her (§ 1692d(6)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed above, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed above, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;
B. Actual damages pursuant to 15 USC 1692k;
C. Statutory damages pursuant to 15 U.S.C. § 1692k;
D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,
E. For such other and further relief as may be just and proper.

This 21st day of April, 2010.

ATTORNEYS FOR PLAINTIFF
*Doreen Bannen*

Respectfully submitted,

s/Dennis R. Kurz
Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

***Weisberg & Meyers, LLC***
80 Broad Street, 5th Floor
New York, NY 10004

*Please send correspondence to the address below*

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012