**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**ALBANY DIVISION**

| | | |
|---|---|---|
| DOREEN BANNEN, | ) | Case No. 1:10-cv-00466-LEK-DRH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AMENDED COMPLAINT** |
| | ) | |
| ALLIANCEONE RECEIVABLES | ) | **Jury Trial Demanded** |
| MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF, Doreen Bannen ("Plaintiff"), by and through the undersigned attorney, files this Complaint against DEFENDANT, AllianceOne Receivables Management, Inc. ("Defendant"), and alleges as follows:

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### PARTIES

4. Plaintiff, Doreen Bannen ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Ulster, and City of Saugerties.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, AllianceOne Receivables Management, Inc., ("Defendant") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's alleged obligation asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including continually and repeatedly contacting Plaintiff for an alleged debt belonging to another individual unknown to Plaintiff named Doreen Bruno.

12. Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt owed by someone other than Plaintiff and whom Plaintiff did not know.

13. Plaintiff noticed Defendant's attempts, but declined to answer as she didn't recognize the number calling.

14. On March 5, at approximately 11:45 a.m., Defendant telephoned Plaintiff in an attempt to collect an alleged debt.

15. Plaintiff answered this call with the sole purpose of acquiring Defendant's address to cease Defendant's repeated calls.

16. When Plaintiff requested the name of Defendant's agent calling and Defendant's address, Plaintiff was promptly hung up on without the disclosure of this information.

17. Plaintiff's name is "Doreen Bannen." The alleged debtor is "Dorene Bruno."

18. The legislative history of the FDCPA supports Plaintiff's claims under the Act. As noted by House Report 95-131:

> This bill also protects people who do not owe money at all. In the collector's zeal, collection effort are often aimed at the wrong person either because of mistaken identity or mistaken facts. This bill will make collectors behave responsibly towards people with whom they deal. Another group of people who do not owe money, but who may be deliberately harassed are the family, employer and neighbors of the consumer. These people are also protected by this ... bill.

H.R.Rep. No. 131, 95th Cong. 1st Sess. 8.

19. "It was Congress's intent to protect people other than debtors, such as plaintiff [], who are subject to harassment by debt collectors." *Dutton v. Wolhar,* 809 F.Supp. 1130, 1134-35 (D.Del.1992); *see also* S.Rep. No. 382, 95th Cong. 1st Sess. 4 reprinted in 1977 U.S.Code Cong. & Admin.News 1695, 1699 (noting one purpose of Act is to prevent debt collectors from "dunning the wrong person...."); H.R.Rep No. 1202, 94th Cong.2d Sess. 5 ("Certainly a person who has a common name and is being hounded by a debt collector because of the debts of another person deserves the protection this legislation will offer.").

20. "Congress designed the [FDCPA] to eliminate the recurring problem of debt collectors dunning the wrong person." *Fed. Home Loan Mtge. Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007) (internal citation omitted); *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1225 (9th Cir.1988).

21.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

**COUNT I**

22.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

23.     15 U.S.C. 1692d provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

24.     Defendant violated 15 U.S.C. § 1692d by continually contacting Plaintiff despite the obvious difference between her name and the alleged debtor's and refusing to provide Plaintiff with Defendant's address so that she could dispute the debt with the purpose and intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

26. 15 U.S.C. § 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*      \*      \*
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

27. "Meaningful disclosure" requires that the caller state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call.  *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1115 (C.D. Cal. 2005); *Costa v. National Action Financial Services,* 634 F. Supp. 2d 1069 (E.D. Cal. 2007).

28. Here, Defendant refused to disclose its name and upon Plaintiff's request, promptly hung up on Plaintiff.

29. 15 U.S.C. § 1692g sets for provisions concerning consumers' rights to notify "the debt collector in writing within the thirty-day period that the debt, or any portion thereof is disputed."

30. Reading section 1692d(6) in conjunction with section 1692g, Defendant must provide Plaintiff with its address so Plaintiff can dispute the debt, if Defendant wishes to satisfy the "meaningful disclosure" requirement.  See 15 U.S.C. §§ 1692d(6) and 1692g.

31.     Defendant violated 15 U.S.C. § 1692d(6) by failing to provide meaningful disclosure of its identity when placing telephone calls to Plaintiff and refusing to provide Plaintiff with Defendant's address when request so that Plaintiff could dispute the debt..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

## COUNT III

32.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

33.     15 U.S.C. § 1692e(2)(a) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*     *     *
(2) The false representation of—

(A) The character, amount, or legal status of any debt;

34.     "[D]ebt collectors may be found in violation of subsection 1692e(2)(A) for mistakenly dunning the wrong individuals when they fail to exercise reasonable care in ascertaining the facts, such as by relying on information on which a reasonable person would not

have relied." *See Beattie v. D.M. Collections, Inc.,* 754 F.Supp. 383, 392 (D .Del.1991); *see also Jeter v. Alliance One Receivables Mgmt., Inc*, 2010 WL 2025213 at *6 (D. Kan. May 20, 2010).

35. Defendant violated 15 U.S.C. § 1692e(2)(a) by repeatedly asserting Plaintiff owed an alleged debt and demanding payment despite the fact that Plaintiff is not the debtor.

36. Defendant failed to exercise reasonable care in ascertaining the facts prior to making repeated phone calls to Plaintiff and demanding payment from Plaintiff for a debt she did not owe.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

38. 15 U.S.C. § 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

39. Conduct enumerated by 15 U.S.C. § 1692f was not intended to limit the applicability of the general prohibition of "unfair or unconscionable" behavior. *McMillan v. Collection Professionals Inc.*, 455 F. 3d 754 (7th Cir. 2006).

40. 15 U.S.C. § 1692f "serves a backstop function, catching those "unfair practices" which somehow manage to slip by §§ 1692d & 1692e." *Edwards v. McCormick*, 136 F. Supp. 2d 795 (S.D. Ohio 2001).

41. 15 U.S.C. § 1692f "allows the court to sanction improper conduct that the FDCPA fails to address specifically." *Adams v. Law Offices of Stuckert & Yates,* 926 F. Supp. 521, 528 (E.D. Pa. 1996), citing *Masuda v. Thomas Richards & Co.,* 759 F. Supp. 1456, 1461 n. 10 (C.D. Cal. 1991).

42. Defendant telephoned Plaintiff in an attempt to collect an alleged debt.  Defendant continues contacting Plaintiff despite the obvious difference between her name and the alleged debtor's.

43. When Plaintiff requested the name of Defendant's agent calling and Defendant's address, Plaintiff was promptly hung up on without the disclosure of this information.

44. Defendant violated 15 U.S.C. § 1692f by unfairly or unconscionably attempting to collect a debt from Plaintiff though she is not the debtor and failing to disclose the name of the caller and Defendant's address when requested by Plaintiff to carry out her validation rights.

45. Defendant thwarted the purposes of the FDCPA when it refused to provide Plaintiff with this information.  Plaintiffs' stated purpose in asking for the name and address of Defendant was so that Plaintiffs could send a letter to Defendant disputing the debt and requesting validation.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby demands a trial by jury.

This 26th day of July, 2010.

ATTORNEYS FOR PLAINTIFF
*Doreen Bannen*

Respectfully submitted,

s/Dennis R. Kurz
Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

***Weisberg & Meyers, LLC***
80 Broad Street, 5th Floor
New York, NY 10004